# IN THE DISTRICT COURT OF THE UNITED STATES
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
### ASHEVILLE DIVISION

## CIVIL CASE NO. 1:09cv293

| | | |
|---|---|---|
| REX PLIMPTON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **ORDER OF** |
| | ) | **DISMISSAL** |
| WACHOVIA BANK, N.A.; WACHOVIA FINANCIAL | ) | |
| SERVICES, INC.; AND TONYA CHRISTIAN, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**THIS MATTER** is before the Court on the Defendants' Motion to Dismiss [Doc. 3].

Pursuant to 28 U.S.C. § 636(b) and the Standing Orders of Designation of this Court, United States Magistrate Judge Dennis L. Howell was designated to consider this Motion and to submit recommendations for its disposition. On October 8, 2009, the Magistrate Judge filed a Memorandum and Recommendation in which he recommended granting the motion to dismiss. [Doc. 10]. The Plaintiff filed timely objections to portions of that recommendation. [Doc. 11]. As to the recommendation that Defendants Wachovia Financial Services, Inc. and Tonya Christian be dismissed from the

action, the Plaintiff stated in his Objection to the Court's Memorandum and Recommendation that he agrees that these two defendants should be dismissed from the action. [Id., at 4].

## PROCEDURAL HISTORY

The Plaintiff, who is proceeding *pro se*, initiated this action against the Defendants in the North Carolina Superior Court for Henderson County on June 30, 2009. [Doc. 1-1]. In his Complaint, he alleged one claim for a violation of the North Carolina Unfair and Deceptive Trade Practices Act (UDTPA), N.C.G.S. §§75-1.1, *et. seq.* The Plaintiff's Complaint stems from the fact that Defendant Wachovia Bank, N.A. (Wachovia) complied with a notice of levy presented to it by the Internal Revenue Service (IRS) in connection with four bank accounts which the Plaintiff alleges belonged to him. [Id., at 5-6]. The Plaintiff alleged in the Complaint that a bank may not comply with an IRS levy without an order from a United States District Court and thus, Wachovia is liable to him for having done so. [Id.]. He also claimed that the levy presented to the bank was fraudulent because it was unsigned, unverified and unsupported. [Id., at 7]. The Plaintiff referred to four bank accounts which were levied and released to the IRS plus an additional account which was held for a period of days but then released to the account

holder. [Id., at 5-7].

The Plaintiff attached as an exhibit to the Complaint the taxpayer's copy of a Notice of Levy sent by the IRS to Wachovia on February 25, 2009. [Id., at 11]. The Notice identifies the taxpayer as Debra Plimpton, as nominee of Robert S. Plimpton, Jr. [Id.]. The Plaintiff also attached as exhibits his letter to the chief financial officer of Wachovia as well as other letters sent to Wachovia officials. [Id., at 12-28].

The Defendants moved to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) arguing (1) the Plaintiff has no standing to sue Wachovia; (2) Wachovia was required by federal law to comply with an IRS levy and is immune from suit; (3) the Plaintiff's allegations do not state a claim pursuant to the UDTPA; and (4) no claim has been alleged against Defendants Wachovia Financial Services, Inc. and Christian. [Doc. 4]. Wachovia attached to its motion a copy of the Notice of Levy which was sent to Wachovia. [Doc. 4-1, at 2]. The notice identified the taxpayer as Rex Plimpton, as nominee of Robert S. Plimpton, Jr. [Id.]. Included in that notice was the following:

> The Internal Revenue Code provides that there is a lien for the amount that is owed. Although we have given the notice and demand required by the Code, the amount owed hasn't been paid. This levy requires you to turn over to us this person's property and rights to property (*such as money, credits, and bank deposits*) that you have or which you are already obligated to pay this person.

[Id.] (emphasis in original).

Also attached to Wachovia's motion was a copy of the release from levy sent by the IRS to Wachovia pursuant to which the remaining account was released. [Doc. 4-2]. Wachovia did not convey this money to the IRS.

In view of the Plaintiff's *pro se* status, the Magistrate Judge provided notice to him of the means by which he should respond to the motion to dismiss. [Doc. 5]. The notice was specific, advising the Plaintiff that in order to survive a motion to dismiss, he must "show that he has made sufficient allegations to support a cause of action against such defendant that is recognized by law." [Id., at 2] (*citing* Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 557, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)). The Plaintiff was also advised that he had to "plead sufficient facts to state a claim for relief that is 'plausible on its face.'" [Id.]. The Magistrate Judge defined "plausible" for the *pro se* litigant as meaning sufficient factual content to draw the reasonable inference that a defendant is liable for the misconduct alleged. [Id.].

The Plaintiff's response to the motion was a document which he captioned "Notice of Return of Your Offer of Contract with my Counter-Offer of Contract," by "Rex, family of Plimpton, a sovereign[.]" [Doc. 7]. The document contains the following:

**For the record**, I received your offer of contract in honor, for

value and good consideration. ... I do <u>not</u> wish to contract with you on those terms, and therefore, I have re-drafted your offer and am returning the original to you ..., i.e., my counter-offer of contract.

**For the record**, I do <u>not</u> know who you are, or what flag or venue you are operating under. I did not write to you or seek your counsel. You must be a third-party, acting in conspiracy with others, whose alleged claims are based on hearsay, rather than first-hand, personal facts. I don't deal with third-parties. Therefore, **I do <u>not</u> recognize you**. You, and any nominee, assignee or agent from your law firm are hereby **<u>terminated and fired from representing me. YOU ARE FIRED, YOU ARE HEREBY AND FOREVER FIRED</u>**!! In summary, we have no agreement for the purposes you proposed in your offer of contract. ... I <u>claim my right to common law jurisdiction</u>, and refuse statutory jurisdiction.

<u>Id</u>., at 1-2] (emphasis in original).

The document was sent to Wachovia and a similar document [Doc. 6] was sent to the attorneys for the bank. Attached to the documents were copies of the Defendants' motion to dismiss and brief which the Plaintiff appears to have marked through and on which he appears to have made handwritten notations. Nothing contained in these documents addressed the Defendants' grounds for dismissal.

The Defendants filed a reply to the above documents. [Doc. 8]. In response, a notary public in Florida mailed to the Court virtually identical documents as those previously submitted by the Plaintiff. [Doc. 9].

## STANDARD OF REVIEW

A district court reviews specific objections to a Memorandum and Recommendation under a *de novo* standard.  28 U.S.C. §636(b).  "Parties filing objections must specifically identify those findings objected to. Frivolous, conclusive or general objections need not be considered by the district court." Battle v. United States Parole Commission, 834 F.2d 419, 421 (5th Cir.1987), *overruled on other grounds* Douglass v. United Ervs. Auto. Ass'n, 79 F.3d 1415 (5th Cir. 1996).  To the extent that a party asserts claims in the objections which were not asserted in support of or in opposition to the motion, *de novo* review is not warranted.  Price v. Dixon, 961 F.Supp. 894 (E.D.N.C. 1997)(claims cannot be raised for the first time in objections to a memorandum and recommendation); Wells v. Shriners Hospital, 109 F.3d 198, 200 (4th Cir. 1997)(boilerplate objections will not avoid the consequences of failing to object altogether).  This Court therefore does not conduct a *de novo* review of those portions of the Memorandum and Recommendation to which non-specific objections have been filed.  Nor will it conduct a *de novo* review of objections which were not raised before the Magistrate Judge.

> To survive a Rule 12(b)(6) motion, "[f]actual allegations must be strong enough to raise a right to relief above the speculative level" and have "enough facts to state a claim to relief that is plausible

on its face." [T]he court "need not accept the [plaintiff's] legal conclusions drawn from the facts," nor need it "accept as true unwarranted inferences, unreasonable conclusions, or arguments."

[The Court] may properly take judicial notice of matters of public record. [It] may also consider documents attached to the complaint, see Fed.R.Civ.P. 10(c), as well as those attached to the motion to dismiss, so long as they are integral to the complaint[.]

Philips v. Pitt County Memorial Hospital, 572 F.3d 176, 179-80 (4th Cir. 2009),

quoting Twombly, 550 U.S. at 570 (other citations omitted).

## DISCUSSION

Plaintiff's objections to the Memorandum and Recommendation of the Magistrate Judge are largely a criticism of and commentary upon the Memorandum and Recommendation rather than specific objections to it. The thrust of Plaintiff's argument, however, is addressed by 26 U.S.C. §6332(e). That section reads in pertinent part

Any person in possession of ... property ... subject to levy upon which a levy has been made who, ... surrenders such property ... shall be discharged from any obligation or liability to the delinquent taxpayer and any other person with respect to such property ... arising from such surrender or payment.

Banks such as the Defendant, are therefore immune from liability to taxpayers and/or account holders in connection with their compliance with an IRS levy.

Watson v. Mahaffey, 324 Fed.Appx. 399 (5th Cir. 2009), *citing* Burroughs v. Wallingford, 780 F.2d 502, 503 (5th Cir. 1986); *accord*, Haggert v. Hamlin, 25 F.3d 1037 **2 (1st Cir. 1994). "[P]ursuant to §6332(e), a party upon whom a tax levy is served is protected from liability from the tax debtor and others claiming an interest in the money (or property) turned over in compliance with the levy." United States v. Bank of America, 2009 WL 2009022 **5 (W.D.N.Y. 2009) (collecting cases); United States v. National Bank of Commerce, 472 U.S. 713, 721, 105 S.C. 2919 (1985); Schiff v. Simon & Schuster, Inc., 780 F.2d 210, 212 (2nd Cir. 1985); McDowell v. Norfolk Southern Corp., 2007 WL 2815743 **4 (E.D.N.C. 2007), *affirmed* 228 Fed.Appx. 369 (4th Cir. 2007); Liebig v. Kelley-Allee, 923 F.Supp. 778, 781 (E.D.N.C. 1996).

Plaintiff argues that §6332(e) does not apply because it "has nothing to do with this income tax matter as it has only been implemented for U.S.C. Title 27, Alcohol, Tobacco and Firearms." [Doc. 11 at 4]. In this argument, Plaintiff is simply wrong on the law. Section 6332(e) is found in Subtitle F of the Internal Revenue Code, which is Title 26, not Title 27. Subtitle F is entitled "Procedure and Administration." The section lies in Chapter 64 of that Subtitle, entitled "Collection," and in Subchapter D thereof entitled "Seizure of Property for Collection of Taxes." There is no limitation whatsoever in the language of the statute or in its position in the Internal Revenue Code to indicate that its

application is limited to Alcohol, Tobacco and Firearms matters, or that it does not apply to the enforcement of income tax claims. Plaintiff cites no authority for his bold proposition. Therefore, the Plaintiff's claim that he may sue because he has been damaged by Wachovia's compliance with the levy is legally incorrect.

The Plaintiff also objects to the Magistrate Judge's conclusion that the levy properly issued without a federal court order. The IRS may satisfy outstanding income taxes by issuing nonjudicial, administrative levies pursuant to 26 U.S.C. §§6331, *et. seq.* National Bank of Commerce, 472 U.S. at 720 (levy does not require any judicial intervention); Watson, 324 Fed.Appx. At 399; Allen v. I.R.S. Com'r, 624 F.Supp.2d 689 (N.D.Oh. 2008); McDowell, 2007 WL 2815743 **4. The Plaintiff's reliance on the case of Schulz v. I.R.S., 395 F.3d 463 (2nd Cir. 2005), is misplaced. That case involved the enforcement of an administrative summons by the IRS pursuant to 26 U.S.C. §7604, not a levy to collect unpaid income taxes pursuant to 26 U.S.C. §§6331, *et. seq.* See, Celauro v. United States, 371 F.Supp.2d 219 (E.D.N.Y. 2005) (discussing distinction).

The Magistrate Judge stated that the Plaintiff had not made any plausible allegation that the IRS levy was fraudulent. The Plaintiff takes great umbrage at this comment but in so doing, he manifests that he

misunderstands that the Magistrate Judge was referring to the standard of review applied to motions to dismiss.  As noted above, in order to survive a Rule 12(b)(6) motion, the "[f]actual allegations must be strong enough to raise a right to relief above the speculative level" and have "enough facts to state a claim to relief that is plausible on its face."  Philips, 572 F.3d at 179-80.  The Plaintiff's claim that the IRS levy was fraudulent was unsupported by any fact. Id. (Court need not "accept as true unwarranted inferences, unreasonable conclusions, or arguments.").

In response, Plaintiff argues that "the 'plausible allegations' were a quote from the findings [sic] of the U.S. Court of Appeals from the 2nd District [sic] clearly stating that 'Without a Federal Court order, Notices of Levy and other IRS documents are meaningless.'  **Does the Court not recognize that Federal Court orders are plausible?**" [Doc. 11 at 2, emphasis in original]. By this Plaintiff shows that he does not understand that his citation to Schultz does not constitute any allegations at all.  It is a legal argument.  This Court is not required to accept the Plaintiff's legal arguments or conclusions set out in the Complaint. Philips, 572 F.3d at 179-80.  That is particularly true in a case such as this one where the authority upon which the Plaintiff relies for his conclusions applies in a context very different from that at hand herein.

The Plaintiff also objects to the conclusion that he has failed to state a

claim pursuant to the UDTPA. This objection is based entirely on his argument that the IRS was required to obtain a federal court order prior to issuing the levy. Indeed, he agrees that "it is true that 'there can be no violation of [the Act] where a bank obeys the command which is an IRS Notice of Levy by turning over levied customer funds to the IRS." [Doc. 11, at 3] (quoting Doc. 10, at 6). As previously noted, the IRS was not required to obtain judicial intervention prior to issuing the levy and therefore, no claim pursuant to the UDTPA exists.

Finally, Plaintiff takes vociferous exception to the Magistrate Judge's recommendation as it pertains to Plaintiff's standing, and whether Plaintiff is or is not the same person as Robert S. Plimpton, Jr. In fact, Plaintiff states in his objection that this portion of the Memorandum and Recommendation "brings into question the ability of the Court to read and understand the English language." [Doc. 11 at 2]. In the end, it is irrelevant whether the Plaintiff and Robert S. Plimpton, Jr., are the same person or different people. The levy in question specifically identifies by account number the four bank accounts seized (as well as the one held and returned). [Doc. 4-1 at 2]. The bank complied with the levy on those accounts and thus is immune from suit pursuant to §6332(e), regardless of whether Plaintiff has standing and regardless of whether Plaintiff is or is not Robert S. Plimpton, Jr.

11

The Court rejects the Plaintiff's remaining objections because they were not raised before the Magistrate Judge and because they are frivolous. Allen v. I.R.S. Com'r, 624 F.Supp.2d at 692 (dismissing frivolous *pro se* complaint by taxpayer). The Court specifically rejects the Plaintiff's "tax protester" type arguments related to the constitutionality of tax laws. See; *e.g.*, Ryder v. Elliot, 127 Fed.Appx. 960 (9th Cir. 2005) (imposing sanctions against *pro se* taxpayer who sued bank for complying with levy); *accord*, Haggert v. Phillips Medical Systems, Inc., 39 F.3d 1166 (1st Cir. 1994); Davis v. Hospital Trust Nat. Bank, 1993 WL 603990 (D.R.I. 1993).

**ORDER**

**IT IS, THEREFORE, ORDERED** that the Defendants' Motion to Dismiss [Doc. 3] is hereby **GRANTED** and this action is hereby **DISMISSED** in its entirety with prejudice.

Signed: March 24, 2010

Martin Reidinger
United States District Judge